UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN KEITH BRAGG, | Civil Action No. 16-2868 (FLW) |
| Plaintiff, | |
| v. | |
| TODD WILSON, et al. | MEMORANDUM AND ORDER |
| Defendants. | |

This matter has been opened to the Court by Plaintiff's filing of an Amended Complaint and a "request" for "leave to amend complaint to add the above named Plaintiffs' in a civil action against Aramark Food Service, et. al." (ECF No. 24.) For the reasons explained in this Memorandum and Order, the Court will deny Plaintiff's motion to amend his Complaint.

Petitioner is a frequent litigator in this District. His proposed amended complaint (ECF No. 24), which alleges unsanitary conditions in connection with food service at Mercer County Correctional Center ("MCCC"), reiterates many of the same allegations from a <u>closed</u> civil action previously pending in this District. (*See* Civ. Act. No. 13-4088, ECF Nos. 1, 6.). On April 27, 2016, the Honorable Anne E. Thompson dismissed that action <u>with prejudice</u>. (*See* Civ. Act. No. 13-4088, ECF Nos. 44-45.) On August 9, 2016, the Court denied Plaintiff's motion to reopen Civil Action No. 13-4088. (*Id.* at ECF Nos. 48, 50, 51.) It appears that Plaintiff is attempting to circumvent the dismissal of Civil Action No. 13-4088 by filing this proposed amended complaint.

1

Furthermore, the proposed amended complaint, which involves unsanitary conditions with respect to food service at MCCC, is also improperly joined with this action, which involves an incident of alleged excessive force at MCCC and related claims. Rule 18(a) controls the joinder of claims. In general, "[a] party asserting a claim ... may join as independent or alternative claims, as many claims as it has against an opposing party." Rule 20(a)(2) controls the permissive joinder of defendants in pro se prisoner actions as well as other civil actions. "Persons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; <u>and</u> (B) any question of law or fact common to all defendants will arise in the action." (emphasis added). *See, e.g., Pruden v. SCI Camp Hill*, 252 F. App'x. 436 (3d Cir. 2007); *George v. Smith*, 507 F.3d 605 (7th Cir. 2007). In actions involving multiple claims and multiple defendants, Rule 20 operates independently of Rule 18.

Despite the broad language of rule 18(a), plaintiff may join multiple defendants in a single action <u>only if</u> plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all. If the requirements for joinder of parties have been satisfied, however, Rule 18 may be invoked independently to permit plaintiff to join as many other claims as plaintiff has against the multiple defendants or any combination of them, even though the additional claims do not involve common questions of law or fact and arise from unrelated transactions. *Williams v. Hebbon*, No. CIV.A. 09-2103 AET, 2011 WL 1930564, at *5 (D.N.J. May 19, 2011) (citing 7 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure, § 1655 (3d ed. 2009)). The requirements prescribed by Rule 20(a) are to be liberally construed in the interest of

convenience and judicial economy. *Id.* (citing *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002)). However, the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit. *See, e.g., Pruden v. SCI Camp Hill*, 252 F. App'x. 436 (3d Cir.2007); *George v. Smith*, 507 F.3d 605 (7th Cir. 2007).

Here, the claims in the proposed amended complaint involve different defendants and are wholly unrelated to the claims currently pending in this matter. As such, the claims in the proposed amended complaint are not properly joined in this action, and the Court will deny the motion to amend on that basis.

In sum, the Court will not permit Plaintiff to circumvent the dismissal of Civil Action No. 13-4088 by amending the Complaint in this action to include the same claims that he was litigating in Civil Action No. 13-4088, which have been dismissed with prejudice. Furthermore, the Court finds that the claims in his proposed amended complaint would not be properly joined in this action, as they involve different defendants and do not arise from common questions of law and fact.

**IT IS, THEREFORE,** on this 19th day of December, 2017,

**ORDERED** that Plaintiff's request to amend his Complaint (ECF No. 24) is **DENIED** for the reasons stated in this Memorandum and Order; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Plaintiff by regular U.S. mail.

      s/Freda L. Wolfson
Freda L. Wolfson
United States District Judge