UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BRIAN KEITH BRAGG,** | Civil Action No. 16-2868 (FLW) |
| Plaintiff, | |
| v. | **ORDER** |
| **TODD WILSON,** *et al.*, | |
| Defendants. | |

This matter has been opened to the Court upon requests filed by *pro se* Plaintiff Brian Bragg ("Plaintiff") seeking: (1) appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1) [Docket Entry Nos. 33 and 46[1]]; (2) permission to retain a psychiatrist to determine Plaintiff's competency pursuant to Fed. R. Civ. P. 17 [Docket Entry Nos. 49 and 53]; and (3) a stay of the proceedings pending appointment of *pro bono* counsel [Docket Entry No. 51]. Defendants have not opposed Plaintiff's requests. The Court has reviewed and considered the Plaintiff's submissions without oral argument in accordance with Fed. R. Civ. P. 78.

**I.  BACKGROUND**

Plaintiff is incarcerated and proceeding *in forma pauperis*. At the outset of this case, Plaintiff filed three Complaints in rapid succession.[2] [Docket Entry Nos. 1–3]. The Honorable Freda L. Wolfson, U.S.D.J., screened those Complaints under 28 U.S.C. § 1915. Memorandum and Order entered June 29, 2016 [Docket Entry No. 8]. As construed by the Court at that time,

---

[1] Plaintiff's second submission at Docket Entry No. 46 is erroneously titled a "motion to reconsider denial of motion to appoint *pro bono* counsel" despite the Court having not yet entered any such denial. Accordingly, the Court considers this second submission and the arguments therein, together with his first submission, as part of Plaintiff's application for *pro bono* counsel in the first instance.

[2] Plaintiff also filed a later application seeking leave to file a further amended Complaint. [Docket Entry No. 24]. That application was recently denied [Docket Entry No. 56]; therefore, the subject matter of those proposed claims has not been considered here for the purposes of deciding Plaintiff's *pro bono* application.

1

Plaintiff's operative claims allege pursuant to 28 U.S.C. § 1983 that certain staff and officials at the Mercer County Correctional Facility violated Plaintiff's constitutional rights by subjecting him to excessive force, failing to make him safe, and filing false disciplinary charges. *Id*.

## II. PLAINTIFF'S ARGUMENTS

In his *pro bono* application, Plaintiff asserts that he has no legal skills or training and he has only a limited knowledge of the law. [ECF No. 33 at 2]. He also asserts that Southern State Correctional Facility[3] has limited resources and that he is permitted only limited time at the library. *Id*. According to Plaintiff, he has only a sixth-grade education and "takes several psychotropic medications for several mental health issues such as bipolar." *Id.* at 3. Plaintiff also argues that "his case will raise credibility issues and will require a great deal of investigation." *Id*. Moreover, his case will require a great deal of discovery, much of which he believes Defendants will claim is privileged. Plaintiff requests the appointment of the same *pro bono* counsel who represented him in a previous case. *Id*. at 3–4.

Plaintiff's second submission, entitled "Motion to Reconsider Denial of Motion to Appoint *Pro Bono* Counsel," shifts the emphasis of his request for counsel. [Docket Entry No. 46]. Therein, Plaintiff asserts that he suffers from a series of mental illnesses and that these illnesses are preventing him from presenting his claims. *Id*. at 2–3. Under the circumstances, he argues, the Court should either appoint *pro bono* counsel or order a psychiatric evaluation to assess Plaintiff's competency to proceed without appointed counsel. *Id*. at 3.

Plaintiff's third submission, entitled "Motion to Request Permission to Retain a Psychiatrist to Determine Plaintiff's Competency Pursuant to Rule 17 Fed. R. Civ. P.," reiterates

---

[3] While his claims name Mercer County Correctional Center, at the time his first *pro bono* counsel application was filed Plaintiff was confined at Southern State Correctional Facility. According to Plaintiff's most recent change of address notice, he is presently confined at Northern State Correction Facility. [Docket Entry No. 39].

his prior request for the Court to order a competency assessment. [Docket Entry No. 49]. Plaintiff provides the Court with a copy of a relevant decision from the Third Circuit Court of Appeals. Plaintiff also cites an unrelated suit brought by Plaintiff in this district in which the Court ordered that he be psychologically examined. *Id*. at 1–2 (citing *Bragg v. Agarwal, et al.*, Civ. No. 09-4331, and consolidated cases). Based upon his long history of mental illness, contends Plaintiff, the Court should again retain a psychologist or psychiatrist to evaluate him. *Id*. at 2.

Plaintiff's fourth submission, entitled "Motion to Stay Proceedings," seeks a stay of the case pending the Court decision as to granting *pro bono* counsel and a psychological evaluation. [Docket Entry No. 51]. Plaintiff again asserts that he continues to suffer from a series of mental health issues, which, in combination with the medications he is taking for them, are inhibiting his ability to concentrate and to reason. *Id*. at 1–2.

Plaintiff's final submission, entitled "Letter Motion to Supplement Record," attaches two documents for the Court to consider as part of the preceding applications: a copy of a letter to the Court seeking pre-approval for a psychologist to evaluate him that was sent by Plaintiff's appointed *pro bono* counsel in *Bragg v. Agarwal, et al.*; and a letter from the Court in that case acknowledging that it had received the psychologist's written report *in camera*. [Docket Entry No. 53].

### III. PLAINTIFF'S REQUEST FOR A PSYCHIATRIC EVALUATION

On its face, Plaintiff's claim that his mental illnesses are preventing him from effectively representing himself appears to repeat the events of one of his prior cases, *Bragg v. Agarwal, et al.,* Civ. No. 09-4331. This request, and Plaintiff's same arguments, were recently addressed in another of Plaintiff's cases, *Bragg v. Tuccillo, et al.*, Civ. No. 16-8628, (D.N.J. November 20,

3

2017) ("*Tuccillo*"). In that matter, Plaintiff also sought a psychiatric evaluation in reliance on *Agarwal*. By way of background, the Court in *Tuccillo* recounted the procedural history of *Agarwal*.

> Bragg filed the *Agarwal* matter in August 2009. (Docket No. 09-4331 at ECF No. 1.) Judge Brown granted a request for appointed counsel in *Agarwal* in November 2009. (Docket No. 09-4331 at ECF No. 32-33.) Bragg, however, was immediately unhappy with appointed counsel and requested different counsel be appointed. (Docket No. 09-4331 at ECF No. 40.) In February 2010, the Court appointed Robert Goodman to represent Bragg. (ECF No. 46.) Mr. Goodman continued to represent him through March 2012, at which point Mr. Goodman requested permission to withdraw as Bragg's attorney because Bragg had expressed his desire not to continue with Mr. Goodman as his attorney and because Bragg "made numerous misrepresentations" about his firm's handling of Bragg's cases, made "unreasonable demands," and requested that counsel "take unreasonable positions" despite orders of the Court informing Bragg that counsel did not represent Bragg for all time and for all purposes. (Docket No. 09-4331, Mot. To Withdraw (ECF No. 86-1) at 2-3.)
> 
> However, during a conference regarding Mr. Goodman as his counsel, Bragg "indicated that he no longer wished to have counsel relieved." (Docket No. 09-4331 at ECF No. 89.) Bragg's apparent history of mental illness also arose during that hearing, and Judge Bongiovanni therefore requested copies of Bragg's medical records to determine if the appointment of a guardian *ad litem* was necessary pursuant to the Third Circuit's ruling in *Powell v. Symons*, 680 F.3d 301 (2012). (*Id.*) Counsel apparently submitted those records for *in camera* review, and those records are not currently before the Court. Based on the submitted medical records, Judge Bongiovanni denied the motion to withdraw counsel without prejudice, but ordered a psychiatric evaluation pursuant to *Powell* to determine Bragg's competency. (Docket No. 09-4331 at ECF No. 91.) Although Judge Bongiovanni required Mr. Goodman to remain counsel for Bragg "as previously ordered" following the evaluation, nothing in the record of the *Agarwal* matter indicates Bragg was ever found mentally incompetent. (Docket No. 09-4331.) *Agarwal* ultimately settled a few months later. (Docket No. 09-4331 at ECF No. 118.)

*Tuccillo,* pp. 3–4 (D.N.J. November 20, 2017).

In a reasoned decision, the *Tuccillo* Court went on to deny Plaintiff's request for a psychiatric evaluation:

> Bragg also requests the Court order a psychiatric evaluation to determine his competency to represent himself based solely on his assertions that he has a mental illness and on his contention that his former attorney or a magistrate judge of this Court once possessed his medical records in the *Agarwal* matter. The Court construes this request liberally as a request to determine whether the appointment of a guardian *ad litem* is necessary in this matter based on Bragg's alleged history of mental illness. Pursuant to Federal Rule of Civil Procedure 17(c)(2), the Court "must appoint a guardian *ad litem* . . . to protect a minor or incompetent person who is unrepresented in an action." The Third Circuit has held, however, the Court need not order a psychiatric evaluation to determine whether an unrepresented person is mentally incompetent unless "there is some verifiable evidence of incompetence" such as
>
>> evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or . . . verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him . . . legally incompetent.
>
> *Powell*, 680 F.3d at 307.
>
> Bragg has presented no such evidence. Although Bragg asserts various forms of mental illness, he has presented no medical or psychiatric reports, nor any other "verifiable evidence from a mental health professional" demonstrating his lack of competence. *Id.* Likewise, although Bragg has raised the *Agarwal* matter to the Court's attention, none of the records apparently submitted in that matter are before this Court, and the Court in *Agarwal* never found Bragg to be incompetent. *Agarwal* thus provides no basis for this Court to order a psychiatric evaluation at this time.

*Tuccillo*, pp. 7–8.

For the reasons ably set forth by the Court in the *Tuccillo*, the undersigned denies Plaintiff's request in this matter for a psychiatric evaluation.

5

**IV. PLAINTIFF'S *PRO BONO* COUNSEL APPLICATION**

The Court first notes that there is no right to counsel in a civil case. *Tabron v. Grace*, 6 F.3d 147, 153–54 (3d Cir. 1993); *Parham v. Johnson*, 126 F.3d 454, 456–57 (3d Cir. 1997). To decide whether counsel should be appointed, the Court first considers whether a claim or defense has "arguable merit in fact and law," and if it does, the Court then considers additional factors, which include: (1) the applicant's ability to present his or her case; (2) the complexity of the legal issues; (3) the degree to which factual investigation is required and the ability of the applicant to pursue that investigation; (4) the degree to which a case is likely to turn on credibility determinations; (5) whether the case will require testimony from expert witnesses; and (6) whether the applicant can retain and afford counsel on his or her own behalf, *Parham*, *supra*, 126 F.3d at 457-58 (citing *Tabron*, *supra*, 6 F.3d at 155–157, 157 n. 5). It is important to note that not all factors are required to be present for appointment of *pro bono* counsel. *Tabron*, 6 F.3d at 157.

With respect to the merit of his claims, Plaintiff argues only that his case has been proceeded and that the Mercer County Correctional Center has settled a lawsuit in the past on similar claims. [Docket Entry No. 33 at 3]. While the Court is not persuaded that prior settlements as to other cases have any bearing on Plaintiff's present claims, the Court recognizes that a portion of Plaintiff's complaint has survived screening. Without expressing an opinion on the ultimate merits of Plaintiff's suit, the Court therefore finds his claims articulate sufficient substance to consider his *pro bono* application further within the meaning of a preliminary *Tabron* assessment.

Under *Tabron*, the first consideration is Plaintiff's ability to present his case. Plaintiff's education, literacy, work experience and litigation experience are all examined when making this

6

determination.  *Tabron*, 6 F.3d at 156.  The Court also considers the fact that Plaintiff is incarcerated.  *Id.*  As set forth above, Plaintiff argues that he needs *pro bono* counsel because his access to legal resources is inadequate and his formal education and legal understanding are both limited.  Plaintiff also argues that his mental illness impairs his ability to present his case.  As noted above, however, Plaintiff has not been found to be incompetent, nor has he provided sufficient bases to undertake such an evaluation.

It is well established that "the fact that an indigent party lacks a trial lawyer's skills does not mean that the court should grant [his] request for counsel."  *Juarez v. Fed Ex*, Civ. No. 11-3967, 2012 WL 199845, at *2 (D.N.J. May 30, 2012) (quoting *Gordon v. Gonzalez*, 232 Fed. App'x 153, 157 (3d Cir. 2007).  Here, the record reflects that Plaintiff has prepared and filed a succession of competent motions in addition to the ones currently being considered, including a motion to amend his complaint [Docket Entry No. 2], a motion to preserve video evidence of his alleged assault [Docket Entry No. 5], a motion to dismiss a defendant [Docket Entry No. 6], and a motion to reopen his case [Docket Entry No. 15].  Plaintiff has also cited relevant Third Circuit authority.  A review of these submissions makes clear that Plaintiff is capable of presenting his arguments.  As noted, Plaintiff also makes the same assertions and arguments for appointed counsel that he makes with respect to seeking a psychiatric examination.  For the reasons set forth above, however, these are equally unavailing here.  On the whole, the first *Tabron* consideration therefore weighs against appointing counsel.[4]

---

[4] Plaintiff not only asks for counsel, but asks that the same counsel that previously represented him be reappointed. Previous appointment of counsel does not, however, mean there is an ongoing right to counsel, let alone the same counsel.

7

The second factor to consider is the complexity of the legal issues which are presented by Plaintiff's claim. Where the law is ambiguous, it better promotes the goals of justice to have those trained in legal analysis present the legal issues. *Tabron*, 6 F.3d at 156. In addition, the Court takes into consideration the complexity of the ultimate legal issue and the complexity of the discovery involved. *Parham*, 126 F.3d at 459. Plaintiff alleges § 1983 violations based on excessive force, retaliation, and failure to make safe. This area of law is well-developed and the undersigned therefore finds no basis to deem the legal issues so complex as to prevent a party from being able to proceed without counsel. This therefore weighs against granting counsel.

The third factor to consider is the degree to which factual investigation will be necessary, as well as Plaintiff's ability to conduct such investigation. *Tabron*, 6 F.3d at 156. In its analysis, the Court must be mindful of Plaintiff's ability to understand the rules of discovery. *Parham*, 126 F.3d at 460. Appointment of counsel may be warranted for claims requiring voluminous discovery and adherence to complex discovery rules. *Tabron*, 6 F.3d at 156. Plaintiff contends, without elaboration, that his case will require a great deal of discovery. *Id*. Based on a review of his claims, the factual investigation for this matter appears likely to include interrogatories and document requests to obtain the relevant information and documents. These tools are available to Plaintiff through normal discovery methods and many litigants have successfully proceeded under conditions similar to Plaintiff. As a result, this third factor also weighs against appointment of counsel.

The fourth factor is the likelihood a case will turn on credibility determinations. The Court should determine whether Plaintiff's claim is predominantly based on one side's words against the other's. *Parham*, 126 F.3d at 460. "[W]hen considering this factor, courts should determine whether the case is solely a swearing contest." *Id*. Here, Plaintiff merely asserts that

his case has credibility issues. He does not explain why this Court should find that his claims are heavily dependent on credibility determinations. Without a sufficient showing from Plaintiff, the Court finds that this fourth factor also weighs against appointing counsel.

The fifth factor is the degree to which expert testimony may be required. *Pro bono* counsel may be warranted if a plaintiff's case requires testimony from expert witnesses. *Tabron*, 6 F.3d at 156. Plaintiff does not argue that his case will require expert testimony, nor can the Court intuit a reason an expert is necessary. Accordingly, this factor weighs against appointing counsel

The final factor for the Court to consider is Plaintiff's financial ability to secure counsel on his own. *Parham*, 126 F.3d at 461. Plaintiff is incarcerated, and based on Plaintiff's Declaration in Support of Request to Proceed *In Forma Pauperis*, the Court finds that he is unable to afford an attorney. This factor therefore weighs in favor of appointing counsel.

Five of the six *Tabron* factors weigh against granting Plaintiff counsel and only one weighs in Plaintiff's favor. The undersigned is also mindful of the Third Circuit's continuing recognition that "the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation" place "significant practical restraints" on the Court's ability to appoint counsel, *Cuevas v. United States*, 580 Fed. Appx. 71, 74 (3d Cir. 2014) (quoting *Tabron*, 6 F.3d at 157). For these reasons, the Court finds that *pro bono* counsel is not warranted at this stage of the proceedings.

## V. Plaintiff's Motion for a Stay

Finally, Plaintiff seeks a stay of this matter while the Court considers his requests for *pro bono* counsel and for a psychiatric evaluation. Given that the Court has now addressed these applications, Plaintiff's request for a stay is denied as moot.

## VI. Conclusion

For the reasons set forth above, and for good cause shown;

**IT IS** on this **21st** day of **December, 2017**,

**ORDERED** that Plaintiff's requests for *pro bono* counsel [Docket Entry Nos. 33 and 46] are **DENIED**; and it is further

**ORDERED** that Plaintiff's Motion to Request Permission to Retain a Psychiatrist [Docket Entry No. 49] is **DENIED**; and it is further

**ORDERED** that Plaintiff's Motion for a Stay [Docket Entry No. 51] is **DENIED** as moot; and it is further

**ORDERED** that the Clerk's Office is instructed to mail a copy of this Order to Plaintiff by regular mail.

**LOIS H. GOODMAN**
**UNITED STATES MAGISTRATE JUDGE**